UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| HARRISON C. MAY, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cv-85-NAB |
| ) | |
| DENNIS WOOLFOLK, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. This Court is required to review complaints in civil actions in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

Plaintiff Harrison C. May, II, an inmate at Moberly Correctional Center, commenced this civil action on November 28, 2016, naming as defendants Dennis Woolfolk,[1] Dean Minor, Alan Earls, and Unknown Powelson (a correctional officer), all employees of the Missouri Department of Corrections, in their individual capacities. Plaintiff has paid the statutory $400.00 filing fee. The Court has determined that petitioner's complaint survives review pursuant to 28 U.S.C. § 1915A as to defendants Woodfolk and Powelson in their individual capacities, and the Court will direct plaintiff to effect service of process as to those defendants. Plaintiff's claims against defendants Minor and Earls will be dismissed without prejudice.

**28 U.S.C. § 1915A**

---

[1] Plaintiff refers to this defendant as "Dennis Woolfolk" and "Dennis Woodfolk." Because the former spelling is the one plaintiff used in the caption of the complaint, that is the spelling the Court will use in this Memorandum and Order.

Pursuant to the screening provisions of the Prison Litigation Reform Act, the Court must determine whether the causes of action stated in the complaint: (1) are frivolous or malicious; (2) fail to state claims upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although detailed factual allegations are not required, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678.

## Discussion

Plaintiff alleges that Woolfolk was indifferent to his serious medical need and Powelson used excessive force against him on November 28, 2015. The relevant events apparently took place in the food service area. Specifically, plaintiff alleges that Woolfolk denied him medical attention despite the fact that: (1) "Cook II Robinson (via Officer Stapleton)" told Woolfolk that plaintiff was physically unable to work; and (2) plaintiff told Woolfolk that he was unable to walk. (Docket No. 1 at 5). Plaintiff alleges that Powelson subsequently arrived on the scene, at which time plaintiff was in restraints and was seated. Plaintiff alleges that Powelson ordered him

to walk to "the hole," and when plaintiff stated that he could not walk, Powelson pepper sprayed him for no reason. (*Id.*)

Pro se complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1971). Plaintiff's allegations state plausible claims for relief under § 1983, and the Court will allow plaintiff's individual capacity claims against Woolfolk and Powelson to proceed. *See Mullen v. Smith*, 738 F.2d 317, 318-19 (8th Cir. 1984) (reversing the district court's dismissal for failure to state a claim and holding that plaintiff did state a claim by alleging that defendants removed him from his bed and ordered him to walk even though he was unable to, and told him he would receive no medical treatment or tests); *Treats v. Morgan*, 308 F.3d 868, 872-73 (8th Cir. 2002) ("A basis for an Eighth Amendment claim exists when . . . an officer uses pepper spray without warning on an inmate who may have questioned his actions but who otherwise poses no threat.").

For his claims against defendant Dean Minor, plaintiff alleges that he responded to plaintiff's grievance by stating that excessive force had not been used against him, when findings indicated he was pepper sprayed while restrained. For his claims against defendant Allan Earls, plaintiff alleges that he responded to plaintiff's grievance appeal by stating that he was pepper sprayed because he refused to submit to restraints. Plaintiff alleges that both of these defendants conspired to interfere with his civil rights. However, such allegations do not state a claim upon which relief can be granted. Plaintiff does not have an independent constitutional right to a grievance procedure, and therefore no constitutional right was violated by Minor and Earls in their handling of plaintiff's grievance(s) and/or grievance appeal(s). *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (*citing Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)) (a prison grievance procedure is merely a procedural right; it confers no substantive rights upon

inmates). Plaintiff therefore does not state a claim under § 1983 with respect to his allegations regarding Minor and Earls's handling of his grievance(s) and grievance appeal(s). *West*, 487 U.S. at 48 (to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law).

Plaintiff has paid the required civil filing fee in this matter. Consequently, the Court is not responsible for serving process pursuant to 28 U.S.C. § 1915(d). Plaintiff is responsible for having the summons and Complaint served within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant . . . ".).

Plaintiff is advised that the Federal Rules of Civil Procedure provide that any person who is at least 18 years of age **and not a party** may serve a summons and complaint. Fed. R. Civ. P. 4(c)(2) (Emphasis added.) **This means that plaintiff is not permitted to serve process himself**. Instead, plaintiff must try to find a qualified person to serve process on the complaint. If plaintiff cannot do so, he may move the Court to effect service of process for him pursuant to Rule 4(c)(3). If plaintiff chooses to file such a motion, he must explain to the Court, in writing, what steps he took to locate a qualified person to serve process on the complaint, and why he was unsuccessful.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall cause service of process to be effected upon defendants Dennis Woolfolk and Officer Powelson within the time set forth in Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the complaint and all of plaintiff's causes of action against defendants Dean Minor and Alan Earls are **DISMISSED** without prejudice. A separate order of dismissal will be filed herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of December, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE